GRIFFIS, P.J.,
for the Court:
¶ 1. Willie Neal Easter was convicted in the Monroe County Circuit Court of pos *443 session of methamphetamine, under Mississippi Code Annotated section 41-29-139 (Rev.2009) and sentenced to eight years. Easter appeals his conviction. As error, Easter argues that the circuit judge erred in failing to grant a mistrial based on the prosecutorial misconduct during closing arguments. We find no error and affirm.
FACTS
¶ 2. On January 8, 2010, Deputy Sheriff John Bingham went to Easter’s residence to serve an arrest warrant. Deputy Bing-ham knocked on the door. He was invited in by Christy Portillo, who called out for Easter to inform him that Deputy Bing-ham was there to see him. When Easter saw Portillo, he turned around and ran back down the hallway. Deputy Bingham testified that Easter flushed some evidence, a small plastic bag filled with a white powdery substance, down the toilet when Easter ran back down the hallway.
¶ 3. As Easter and Deputy Bingham walked down the hallway, Easter threw down more evidence: a pink-tinted bag filled with a white-powder substance, a white straw or pipe used to inhale or ingest a narcotic, and a pseudoephedrine bottle. Deputy Bingham testified that Easter admitted to having the methamphetamine for his and Portillo’s personal use. The Tupelo Crime Lab tested the evidence recovered from Easter and identified the substance as .17 gram of methamphetamine.
¶ 4. The jury convicted Easter of possession of methamphetamine. Easter was sentenced, as a habitual offender, to serve eight years in the custody of the Mississippi Department of Corrections. Easter was assessed the following fines: (1) court costs in the amount of $485.50; (2) bond fee in the amount of $200; (3) victim’s bond fee in the amount of $10; (4) fine in the amount of $1,000; (5) an assessment of $100 to the Mississippi Crime Victims Compensation Fund; and (6) restitution to the North Mississippi Narcotics Unit in the amount of $45 to be paid to the Monroe County Circuit Clerk’s Office.
STANDARD OF REVIEW
¶ 5. The standard of review is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by that prejudice. Caston v. State, 823 So.2d 473, 495 (¶ 71) (Miss.2002). During closing argument, a lawyer is entitled to argue his or her case drawing all rational inferences that come from the evidence presented in the courtroom. Id. at 495-96 (¶ 72).
ANALYSIS
¶ 6. Easter argues that the prosecutor made improper comments to the jury during his closing arguments that prejudiced the jury. Easter claims that the prosecutor improperly referred to him as a “meth maker.” In closing arguments, the following was stated:
Prosecutor: It’s a simple problem in the community. And this was clearly a meth house, and this clearly shakes this community to its core. I don’t care if it’s meth. I don’t care if it’s cocaine, painkillers. It does ruin lives. It does. We heard that from voir dire. It does ruin lives, and it does ruin families. Mr. Easter was living this existence in a residence that perpetrated the crime on the community. That’s who the victim is here. Now, he doesn’t want to take responsibility, so a deputy made everything up. Ladies and gentlemen, I’ll cut to the chase. If you believe that, by all means, turn that meth maker loose, ladies and gentlemen. *444 Turn him loose if you want to believe that.
Defense Attorney: Your Honor, I hate to object to this, but there has been no evidence presented that my client was making meth or that meth was being made on the premises.
Judge: I believe that’s correct. I’ll sustain that objection.
Prosecutor: By all means turn that meth possessor loose, where it was in his house, where it was commonplace, as his own brother testified. Turn him loose if that’s what you believe ....
¶ 7. The Mississippi Supreme Court has held that “the prosecutor’s remarks are viewed in light of the entire trial.” Byrom v. State, 863 So.2d 836, 872 (¶ 123) (Miss.2003) (citing Lockett v. State, 517 So.2d 1317, 1333 (Miss.1987)). When looking at the trial as a whole, we do not find that Easter was denied a fundamentally fair trial from the statements made by the prosecutor during closing arguments.
¶ 8. Here, the prosecutor admitted that he incorrectly called Easter a “meth maker,” rather than a meth possessor. Defense counsel brought this matter to the circuit court’s attention through an objection, and the court granted the objection. Any error made by the statement was corrected by the circuit court. Easter’s attorney did not ask for a limiting instruction and did not move for a mistrial. The jurors were properly instructed to focus on the evidence presented and disregard any argument, statement, or remark by counsel having no basis in evidence.
¶ 9. We do not find that the natural and probable effect of the prosecutor’s statement to the jury was unjustly prejudicial to Easter. The State’s evidence presented during Easter’s trial supports the jury’s verdict. When looking at the statements in light of the trial as a whole, we do not find that the prosecutor’s statements amount to prosecutorial misconduct. Accordingly, this issue has no merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE, AS A HABITUAL OFFENDER, OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A $1,000 FINE, $100 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, AND $45 RESTITUTION TO THE NORTH MISSISSIPPI NARCOTICS UNIT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J, NOT PARTICIPATING.